Katalina Baumann (SBN 278606)
katalina.baumann@troutman.com
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: (949) 622.2700
Facsimile: (949) 622.2739

Attorneys for Defendant
Westlake Portfolio Management, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIKA HUESTON, BUNDY LANEY, CECILY MOODY, JATTIYA DAVIS, and DANIELLE CAINES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTLAKE PORTFOLIO MANAGEMENT, LLC,<br><br>Defendant. | Case No. 5:24-cv-00380-JGB-SHK<br><br>**DEFENDANT WESTLAKE PORTFOLIO MANAGEMENT, LLC'S ANSWER**<br><br>Hon. Jesus G. Bernal<br><br>Complaint Filed: February 16, 2023 |

Defendant Westlake Portfolio Management, LLC ("WPM") responds to the Complaint filed by Plaintiffs Tamika Hueston ("Hueston"), Bundy Laney ("Laney"), Cecily Moody ("Moody"), Jattiya Davis ("Davis"), and Danielle Caines ("Caines") (collectively, "Plaintiffs") as follows:

### I. INTRODUCTION

1.   WPM admits that Plaintiffs bring an action for damages and injunctive relief but denies any unlawful and fraudulent conduct.

2. WPM admits that it services some retail installment sales contracts for consumers who originally purchased vehicles from U.S. Auto Sales, Inc., and financed those purchases with U.S. Auto Finance, Inc., including those of Plaintiffs.

3. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied. WPM further denies any implication that it "unilaterally change[d] the contract's terms and conditions, including increasing the amount of principal owed by the consumer or extending the duration of the contract."

4. WPM denies the allegations. WPM further denies that Plaintiffs have standing under California Business and Professions Code section 17200, *et seq.* (the "UCL"), because they are not California residents and because their accounts are governed by the laws of states other than California.

5. WPM is without knowledge or information sufficient to form a belief as to the truth of the allegations.

6. WPM admits that Plaintiffs bring claims under the Truth in Lending Act and common law but denies any violation or liability thereunder. The remaining allegations are denied.

7. WPM denies that it violated the Uniform Commercial Code. The remaining allegations contain statements and/or conclusions of law to which no response is required. To the extent the remaining allegations are contrary to the law, they are denied.

8. WPM admits that Plaintiffs assert a claim for damages, injunctive relief, and attorney's fees, but deny that Plaintiffs are entitled to the relief sought.

## II. PARTIES

9. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations concerning Hueston's residency. The remaining allegations refer to documents that speak for themselves and therefore no response is

1  required. To the extent the allegations are contrary to the documents to which they
2  refer, they are denied.

3      10.    WPM is without sufficient knowledge or information to form a belief
4  regarding the truth of the allegations concerning Laney's residency. The remaining
5  allegations refer to documents that speak for themselves and therefore no response is
6  required. To the extent the allegations are contrary to the documents to which they
7  refer, they are denied.

8      11.    WPM is without sufficient knowledge or information to form a belief
9  regarding the truth of the allegations concerning Moody's residency. The remaining
10 allegations refer to documents that speak for themselves and therefore no response is
11 required. To the extent the allegations are contrary to the documents to which they
12 refer, they are denied.

13    12.    WPM is without sufficient knowledge or information to form a belief
14 regarding the truth of the allegations concerning Davis's residency. The remaining
15 allegations refer to documents that speak for themselves and therefore no response is
16 required. To the extent the allegations are contrary to the documents to which they
17 refer, they are denied.

18    13.    WPM is without sufficient knowledge or information to form a belief
19 regarding the truth of the allegations concerning Caines' residency. The remaining
20 allegations refer to documents that speak for themselves and therefore no response is
21 required. To the extent the allegations are contrary to the documents to which they
22 refer, they are denied.

23    14.    WPM admits that it is a limited liability company organized under the
24 laws of the state of California and that it has a principal office located at 4751 Wilshire
25 Blvd., Suite 100, Los Angeles, CA 90010. The remaining allegations contain
26 statements and/or conclusions of law to which no response is required. To the extent
27 the allegations are contrary to the law, they are denied.

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA, SUITE 1400
IRVINE, CA 92614

### III. JURISDICTION AND VENUE

15. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

16. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

17. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

### IV. BACKGROUND

18. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

19. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

20. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

21. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents, they are denied.

*Dealer Owned Warranty Company ("DOWC") Service Contracts*

22. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

23. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

24. WPM admits that it announced that it had taken over servicing of certain U.S. Auto Sales accounts as of May 22, 2023. WPM denies the remaining allegations.

1   25. The allegations are denied.
2   26. The allegations are denied.
3   27. The allegations are denied.
4   28. The allegations are denied.

### *Material Alteration of Loan Terms*

5

6   29. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

9   30. The allegations are admitted.
10  31. The allegations are denied.
11  32. The allegations are denied.
12  33. The allegations are denied.
13  34. The allegations are denied.
14  35. The allegations are denied.
15  36. The allegations are denied.

### *Repossession of Vehicles*

17  37. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

20  38. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

23  39. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

40. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

41. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

42. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

43. The allegations are denied.

44. The allegations are denied.

## V. FACTUAL BACKGROUND

### *Tamika Hueston*

45. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations concerning Hueston's residency. The remaining allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

46. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

47. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

48. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA, SUITE 1400
IRVINE, CA 92614

49. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

50. The allegations are denied.

51. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

52. The allegations regarding WPM's accounting are denied. WPM is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations.

53. The allegations are denied.

54. The allegations are denied.

55. The allegations are denied.

56. The allegations are admitted.

57. WPM admits that it told Plaintiff that it would release the Vehicle if she paid $1,257.93. WPM denies any remaining allegations.

58. The allegations are admitted.

59. The allegations are denied.

### *Bundy Laney*

60. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations concerning Laney's residency. The remaining allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

61. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

62. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

63. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

64. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

65. The allegations are denied.

66. The allegations are denied.

67. The allegations are denied.

### *Cecily Moody*

68. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations concerning Moody's residency. The remaining allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

69. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

70. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

71. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

Case 5:24-cv-00380-JGB-SHK   Document 19   Filed 04/22/24   Page 9 of 20   Page ID #:241

72. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

73. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations as to U.S. Auto's website. WPM denies that Ms. Moody has made all payments as agreed under the RISC.

74. The allegations regarding WPM's accounting are denied. WPM is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations.

75. The allegations are denied.

76. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

77. The allegations are denied.

78. The allegations are denied.

79. The allegations are denied.

80. The allegations are denied.

81. The allegations are denied.

82. The allegations are denied.

### *Jattiya Davis*

83. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations concerning Davis's residency. The remaining allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

84. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

- 9 -
WESTLAKE PORTFOLIO MANAGEMENT, LLC'S ANSWER
5:24-CV-00380-JGB-SHK

85. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

86. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

87. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

88. The allegations are denied.

89. WPM admits that Ms. Davis failed to remit all payments as agreed under the RISC. The allegations regarding WPM's accounting are denied. The remaining allegations refer to documents that speak for themselves and therefore no response is required. To the extent the remaining allegations are contrary to the documents to which they refer, they are denied.

90. The allegations refer to documents that speak for themselves and, therefore, no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

91. WPM admits that Davis's vehicle was repossessed in January 2024.

92. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

93. The allegations are denied.

### *Danielle Caines*

94. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations concerning Caines' residency. The remaining allegations refer to documents that speak for themselves and therefore no response is

1  required. To the extent the allegations are contrary to the documents to which they
2  refer, they are denied.

3      95.    The allegations refer to documents that speak for themselves and
4  therefore no response is required. To the extent the allegations are contrary to the
5  documents to which they refer, they are denied.

6      96.    The allegations refer to documents that speak for themselves and
7  therefore no response is required. To the extent the allegations are contrary to the
8  documents to which they refer, they are denied.

9      97.    The allegations refer to documents that speak for themselves and
10 therefore no response is required. To the extent the allegations are contrary to the
11 documents to which they refer, they are denied.

12     98.    The allegations refer to documents that speak for themselves and
13 therefore no response is required. To the extent the allegations are contrary to the
14 documents to which they refer, they are denied.

15     99.    WPM is without sufficient knowledge or information to form a belief
16 regarding the truth of the allegations.

17     100.    WPM is without sufficient knowledge or information to form a belief
18 regarding the truth of the allegations regarding Ms. Caines' attempts and methods to
19 make payments to U.S. Auto. WPM admits that Ms. Caines made one payment to
20 WPM in May 2023.

21     101.    WPM is without sufficient knowledge or information to form a belief
22 regarding the truth of the allegations regarding Ms. Caines' attempts and methods to
23 make payments to U.S. Auto. WPM admits that Ms. Caines failed to make any
24 subsequent payments after May 2023.

25     102.    WPM is without sufficient knowledge or information to form a belief
26 regarding the truth of the allegations regarding this subsequent phone call because
27 Ms. Caines does not plead when such call took place. WPM admits that Ms. Caines
28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA, SUITE 1400
IRVINE, CA 92614

owes over $21,000.00 and that she is responsible for not just "the purchase price of her vehicle," but additional amounts disclosed in the RISC, including accrued interest.

103. WPM admits that Caines' vehicle was repossessed in October 2023.

104. The allegations are denied.

105. The allegations are denied.

## VI. ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

106. The allegations are denied.

107. The allegations are denied.

108. The allegations are denied.

109. The allegations are denied.

110. The allegations are denied.

111. The allegations are denied.

112. The allegations are denied.

113. The allegations are denied.

114. The allegations are denied. WPM further denies that Plaintiffs' claims have merit.

115. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied. WPM admits that it does not unilaterally "alter or amend any of the terms of their" retail installment sales contracts.

116. The allegations are denied. WPM further denies that Plaintiffs' claims have merit.

117. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations pertaining to the knowledge of Plaintiffs or the putative classes. The remaining allegations are denied.

## VII. CLASS ALLEGATIONS

118. The allegations are denied.

119. WPM admits that Plaintiffs seek to represent a putative class but denies that they are entitled to do so.

120. The allegations are denied.

121. The allegations are denied.

122. The allegations are denied.

123. The allegations are denied.

124. The allegations are denied.

125. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

126. The allegations are denied.

127. WPM is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the putative class members' ability to retain representation.

128. The allegations are denied.

129. The allegations are denied.

130. The allegations are denied.

## VIII. CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW

## CAL. BUS. & PROF. CODE § 17200

### (*On behalf of all Plaintiffs and the Altered Loan Class*)

131. WPM incorporates its responses to the previous paragraphs.

132. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied. WPM further denies any implication that the UCL applies to Plaintiffs

because they are not California residents and because their accounts are governed by the laws of states other than California.

133. The allegations are denied.

134. The allegations are admitted. WPM denies any implication that it did not account for "all payments and credits that had previously been paid against" Plaintiffs' retail installment sales contracts.

135. The allegations are admitted. WPM denies any implication that it "collect[ed] monies it knew or should have known were not owed" as to Plaintiffs' retail installment sales contracts.

136. The allegations are denied.

137. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied. WPM further denies any implication that it "unilaterally change[d] the contract's terms and conditions, including increasing the amount of principal owed by the consumer or extending the duration of the contract."

138. The allegations are admitted.

139. The allegations are denied.

140. The allegations are denied.

141. The allegations are denied.

142. The allegations are denied.

143. The allegations are denied.

144. The allegations are denied.

145. The allegations are denied.

146. The allegations are denied.

147. WPM admits that Plaintiffs seek injunctive relief but deny that they are entitled to the relief sought.

# COUNT II

# BREACH OF CONTRACT

***(On behalf of all Plaintiffs and the DOWC Class and the Altered Loan Class)***

148. WPM incorporates its responses to the previous paragraphs.

149. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

150. WPM admits that it was assigned servicing rights for some of U.S. Auto's RISCs, including those of Plaintiffs.

151. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

152. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

153. The allegations are denied.

154. WPM is without sufficient knowledge or information to form a belief regarding the truth of the allegations.

155. The allegations are denied.

156. The allegations are denied.

157. The allegations are denied.

158. The allegations are admitted. WPM denies any implication that it unlawfully collected fees and other amounts.

159. The allegations are admitted. WPM denies any implication that it "unilaterally change[d] the contract's terms and conditions, including increasing the amount of principal owed by the consumer."

160. The allegations are denied.

1     161. The allegations are denied.

2     162. The allegations are denied.

### COUNT III (in the alternative to Count II)

### UNJUST ENRICHMENT

***(On behalf of all Plaintiffs and the DOWC and Altered Loan Classes)***

6     163. WPM incorporates its responses to the previous paragraphs.

7     164. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

165. The allegations refer to documents that speak for themselves and therefore no response is required. To the extent the allegations are contrary to the documents to which they refer, they are denied.

166. The allegations are denied.

167. The allegations are denied.

168. The allegations are denied.

169. The allegations are denied.

170. The allegations are denied.

171. The allegations are denied.

### COUNT IV

### VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. § 1601 *et seq.*

***(On behalf of all Plaintiffs and the DOWC Class)***

172. WPM incorporates its responses to the previous paragraphs.

173. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

174. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

175. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

176. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

177. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

178. WPM states that it was assigned U.S. Auto's rights to services the RISCs. The remaining allegations contain statements and/or conclusions of law to which no response is required. To the extent the remaining allegations are contrary to the law, they are denied.

179. The allegations are denied.

180. The allegations are denied.

181. The allegations are denied.

182. The allegations are denied.

## COUNT V

## VIOLATION OF THE UNIFORM COMMERCIAL CODE, ARTICLE 9

(*On behalf of Plaintiffs Caines, Davis, and the Repossession Class*)

183. WPM incorporates its responses to the previous paragraphs.

184. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

1  185. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

186. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

187. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

188. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

189. The allegations contain statements and/or conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

190. The allegations are denied.

191. The allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1. Plaintiffs' claims under the UCL fail to the extent that Plaintiffs are not residents of California and their accounts are governed by the laws of states other than California. Plaintiffs therefore lack standing under the UCL.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

2. Plaintiffs' claims of unjust enrichment fail because unjust enrichment is not a standalone cause of action.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

3. Plaintiffs' claims fail to the extent they are barred, in whole or in part, because Plaintiffs have failed to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE

(Independent Intervening Cause)

4. Plaintiffs' claims fail to the extent any purported damages were the results of an intervening, superseding cause and/or causes leading to such alleged injuries and thus any action on the part of WPM was not a proximate cause of the alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

5. Moody, Davis, and Caines' claims for relief are barred by the applicable statutes of limitations, including 15 U.S.C. § 1640(e).

### SIXTH AFFIRMATIVE DEFENSE

(Arbitration)

6. Plaintiffs' claims are subject to valid and binding arbitration agreements. As a result, Plaintiffs cannot pursue their claims in this Court. They must dismiss their claims in favor of arbitration.

### SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

7. Plaintiffs have each waived their ability to bring a purported class claim based on valid and binding class action waivers that they each signed.

### **PRAYER FOR RELIEF**

WHEREFORE, WPM prays as follows:

(1) That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety; and

1     (2)     For such other and further relief as the Court may deem just and proper.

3 Dated: April 22, 2024            TROUTMAN PEPPER
HAMILTON SANDERS LLP

By: */s/ Katalina Baumann*
    Katalina Baumann

    Attorneys for Defendant
    Westlake Portfolio Management, LLC